**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-07194 BKT7** |
| | **Chapter 7** |
| **MARIELA RIVERA MELENDEZ** | |
| **Debtor** | |
| **MARIELA RIVERA MELENDEZ** | **Adversary No. 14-00106 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **COOPERATIVA DE AC NAGUABENA** | |
| **SARA VAZQUEZ ESTREMERA LLC** | |
| **MARIA SOCORRO MELENDEZ DELGADO** | |
| **AXEL SANTIAGO** | |
| **Defendants** | **FILED & ENTERED ON _____** |

## OPINION AND ORDER

Before the court is a *Motion for Summary Judgment* filed by Defendant, Cooperativa Naguabena (hereinafter "Defendant") (Dkt. No's. 33 and 34). For the reasons stated herein, Defendant's motion for summary judgment is DENIED.

**I. Factual Background**

On September 12, 2012, Plaintiff filed a voluntary petition under chapter 7 (Legal Case (Dkt. No. 1)). Defendant had an unsecured, non priority, scheduled claim for a prepetition debt incurred by Plaintiff and Mr. Luis Alberto Cruz Quiles (hereinafter "Cosigner"). Specifically, the

1

debt owed to Defendant included the principal amount and interest for a personal loan (Dkt. No. 33, Exhibit 1).

The residential property of the Plaintiff at Urb. Santo Tomas, 7 St. J-1, Naguabo, PR, (hereinafter the "Property") is valued at $88,000.00, and the secured creditor has a mortgage lien on it for the amount of $85,270.65, as scheduled (Legal Case (Dkt. No. 1)). The Property was abandoned by the appointed trustee (Legal Case (Dkt. No's. 9 and 10)). Defendant's scheduled claim was discharged without payment on December 26, 2012, in a "no distribution" chapter 7 case (Legal Case (Dkt. No's. 11 and 15)). The legal case was closed on December 26, 2012.

On April 5, 2013, Defendant proceeded to file a *lis pendence* at the Property Registry: a prepetition civil judgment execution against Plaintiff and Cosigner for the amount owed in the discharged claim, including penalties for arrears, interest, and attorney's fees and costs (Dkt. No. 33, Exhibit No's. 6 and 7). Plaintiff re-opened the legal case and filed the present adversary case on May 14, 2014. Plaintiff's allegations in her complaint are twofold: that Defendant (1) willfully violated the discharge order, under 11 U.S.C. §§ 105 and 524, and (2) incurred in false representation in order to collect amounts not permitted by law, under 15 U.S.C. § 1692. Moreover, in her complaint, Plaintiff is requesting compensatory damages in the amount of $60,000.00 for mental anguish, punitive damages in three counts for the amount of no less than $25,000.00 per count, for the reckless disregard of the discharge order and the continuance of collection practices by Defendant, including attorney's fees and costs, pursuant to 11 U.S.C. §§ 524 and 105 (Dkt. No. 1). Plaintiff is also seeking relief for triple damages under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 (Dkt. No. 1). After several procedural turns, not relevant to our inquiry, Plaintiff's cross motion for summary judgment was stricken from the

record (Dkt. No. 40). Plaintiff requested a reconsideration of the order; nevertheless, it was denied (Dkt. No. 43).

Federal Rule of Civil Procedure 56 does not embrace default judgment principles.[1] Even when a motion for summary judgment is unopposed, the court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law. Likewise, the court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact. In an unopposed motion for summary judgment, the court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir.2006).[2] It is well-settled that "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir.1991). Accordingly, we emphasize that

---

[1] Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party. *See generally* B. Finberg, Annotation, *Necessity of Taking Proof as to Liability Against Defaulting Defendant,* 8 A.L.R.3d 1070 (1966). Other default provisions embrace that same philosophy. *See, e.g.*, Fed.R.Civ.P. 4(a) (failure to appear and defend in response to a summons "will result in a judgment by default against the defendant for the relief demanded in the complaint"); *cf.* Fed.R.Civ.P. 16(f) (failure to attend pretrial conference); Fed.R.Civ.P. 37(b)(2)(C) (failure to obey discovery orders). Motions for summary judgment, however, lack these ancient common law roots. See generally John A. Bauman, *The Evolution of the Summary Judgment Procedure: An Essay Commemorating the Centennial Anniversary of Keating's Act,* 31 Ind. L.J. 329 (1956). They are governed by Rule 56 under which the failure to respond to the motion does not alone discharge the burdens imposed on a moving party. Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company, 373 F.3d 241 (2nd Cir.2004).

[2] Entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead, "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir.1992). "Even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990); Fed.R.Civ.P. 56(e)); Pico Vidal v. Ruiz Alvarado, 377 B.R. 788 (D.P.R., 2007).

courts "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir.1993).

Federal Rule of Civil Procedure 56 spells out the burden placed on one who seeks to oppose a summary judgment motion and the consequences of failing to meet that burden. Rule 56(e) provides that if a non-moving party fails to oppose a summary judgment motion, then "summary judgment, *if appropriate,* shall be entered against" him. Fed.R.Civ.P. 56(e) (emphasis added). As explained by the Supreme Court in Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), the burden of the nonmovant to respond arises only if the motion is properly "supported" and therefore summary judgment only is "appropriate" when the moving party has met its burden of production under Fed.R.Civ.P. 56(c) "to show initially the absence of a genuine issue concerning any material fact." Id. at 159. If the evidence adduced in support of the summary judgment motion does not meet this burden, " 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*' " Id. at 160 (quoting Fed.R.Civ.P. 56 advisory committee notes to the 1963 amendments). Thus, it is clear that even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for "[n]o defense to an insufficient showing is required." Id. at 161.

**II. Standard of Review**

4

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

**III. Legal Analysis**

Defendant had an unsecured, non-priority, scheduled claim (Legal Case (Dkt. No. 1)). Plaintiff received her discharge on December 26, 2012, (Legal Case (Dkt. No. 15)). In its motion

for summary judgment, Defendant alleges that Plaintiff's complaint of violation to her bankruptcy discharge order finds no support because there is no evidence supporting that claim. Defendant alleges that at the time of the complaint the Property belonged to the Plaintiff and the Cosigner. Defendant also alleges that Cosigner was not protected by the automatic stay because he did not file for bankruptcy. Moreover, Defendant alleges that the responsibility of a person who is co-signer is not altered by the adjudication in bankruptcy: that the discharge injunction afforded to the Plaintiff does not extend to the Cosigner; therefore, the recorded preventive annotation at the Property Registry is lawful because it pursues the Cosigner as a liable co-debtor.

A bankruptcy discharge in a chapter 7 case voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt that is discharged. 11 U.S.C. § 524(a)(1). The Court of Appeals for the First Circuit, citing 11 U.S.C. § 524(a), affirms that a bankruptcy discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. Pratt v. General Motors, 462 F.3d 14, 17 (1st Cir. 2006).

The automatic injunction provided by 11 U.S.C. § 524(a) serves against efforts intended to collect a discharged debt and affords honest but unfortunate debtors with a "fresh start" from the burdens of personal liability for unsecured prepetition debts, advancing "the overarching purpose of the Bankruptcy Code." Canning v. Beneficial Maine, Inc., 706 F.3d 64, 69 (1st Cir. 2013). "The scope of the injunction is broad," with sanctions imposed for violations being in the nature of civil contempt. Id. at 69.

No statutory exceptions under 11 U.S.C. § 523(a) and § 727(e) were ever demonstrated by Defendant. Defendant proceeded to file a *lis pendence* at the Property Registry against Plaintiff for the amount owed in her discharged claim on April 5, 2013 (Dkt. No. 33, Exhibit No's. 6 and 7). Therefore, the discharge was violated by Defendant's actions because the same were against both the Debtor and Co-signor. The court will further determine the existence of damages, according to the provisions under Title 11 of the United States Code and its corresponding jurisprudence at trial. After a review of the documents provided by Defendant, it is concluded that the burden was not met, in terms of producing evidence negating an essential element of the nonmoving party's claim, or demonstrating that "the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial". Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991).

**IV. Conclusion, Order, and Notice**

It is evident from the motion filed that it is the Plaintiff, not the Defendant, who is entitled to judgment as a matter of law, WHEREFORE:

IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and it hereby is, DENIED.

NOTICE IS HEREBY GIVEN, pursuant to Fed. R. Civ. P. 56(f)(1), that unless the Defendant files with the court and serves upon the Plaintiff on or before August 3, 2015, a pleading responsive to the court's determination that the Plaintiff is entitled to summary judgment as a matter of law, the court may enter summary judgment in favor of the Plaintiff without further notice or a hearing.

IT IS FURTHER ORDERED that the Defendant's response, if filed, shall include: (A) a

7

list of each material fact to which it is contended that there is a genuine issue to be tried, and/or (B) a memorandum of law, and/or a statement otherwise showing cause, as to why summary judgment should not be entered in favor of the Plaintiff in this proceeding. In the event of the timely filing of Defendant's response, the Plaintiff shall file with the court and serve upon Defendant on or before August 17, 2015, a reply thereto, following which the matter will be ripe for resolution by the court. The Clerk to place this matter in follow up.

SO ORDERED

In San Juan, Puerto Rico this 20th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

8